UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEANA MICHELLE STINSON,

    Plaintiff,

v.                                      Case No:   2:16-cv-541-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

This cause come before the Court on Plaintiff Deana Michelle Stinson's Complaint (Doc. 1) filed on July 7, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility, Procedural, History, the ALJ's Decision, and Standard of Review**

    **A.**     **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B.  **Procedural History**

On January 12, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits asserting an onset date of December 21, 2011. (Tr. at 158). Plaintiff's application was denied initially on March 13, 2012 (Tr. at 102), and upon reconsideration on May 9, 2012, (Tr. at 113). A hearing was held before Administrative Law Judge ("ALJ") Maria C. Northington on July 14, 2014. (Tr. at 35-76). ALJ Northington issued an unfavorable decision on January 23, 2015. (Tr. at 14-33). The ALJ found Plaintiff not to be under a disability from December 21, 2011, through the date of the decision. (Tr. at 29).

On May 24, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-6). Plaintiff filed a Complaint (Doc. 1) in this Court on July 7, 2016. Defendant filed an Answer (Doc. 16) on September 30, 2016. The parties filed Memoranda in support. (Docs. 22-23). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 20). This case is ripe for review.

C.  **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2016. (Tr. at 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 21, 2011, the alleged onset date. (Tr. at 19). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "morbid obesity, right knee moderate osteoarthritis with osteophytes and severe joint narrowing, left knee mild osteoarthritis with osteophytes, lumbar degenerative disc disease with no nerve root compression or impingement." (Tr. at 19). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. at 21).

Based on the evidence, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) except:

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

> [Plaintiff] has the ability to occasionally lift and/or carry up to 20 pounds as defined in the Dictionary of Occupational Title (DOT) and regulations, as well as, lift or carry 10 pounds frequently. This includes sedentary work as defined in Dictionary of Occupational Title (DOT) and the regulations. The claimant has no limits for sitting in an eight-hour workday. She is capable of standing and/or walking for up to four hours in an eight-hour workday. She is able to perform occasional postural functions of climbing ramps or stairs and stooping. She is to perform no crawling, no kneeling, no crouching and no climbing of ladders, ropes or scaffolds. In the course of work, she should be allowed the ability to optionally alternate between sitting and standing, but such would not cause her to be off-task. Secondary to non-severe mild depression, the claimant retains the capacity to understand, remember and carryout at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work.

(Tr. at 21).[2]

At step four, the ALJ determined that Plaintiff is able to perform her past relevant work as a photo technician, DOT No. 976.384-010 "at a light exertional level but sedentary as performed with an SVP/Skill Level of 4." (Tr. at 27). The ALJ determined that Plaintiff's past relevant work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. at 27). Specifically, the ALJ noted that the vocational expert ("VE") testified that someone with the same age, education, vocational background, and RFC as Plaintiff would be able to perform Plaintiff's past work, both as performed in the national economy and as performed by Plaintiff. (Tr. at 27). Pursuant to Social Security Ruling ("SSR") 00-4p, the ALJ found the VE's testimony to be credible. (Tr. at 27). Thus, in comparing the Plaintiff's RFC with the physical and mental demands of her past relevant work, the ALJ found that Plaintiff is able to perform her past relevant work as actually and generally performed. (Tr. at 27).

Although the ALJ determined that Plaintiff was capable of performing her past relevant work at step four of the sequential evaluation, the ALJ proceeded to make alternative findings at step five. (Tr. at 27-28). At step five, considering Plaintiff's age, education, work experience,

---

[2] "SVP" is an acronym for Specific Vocational Preparation code.

and RFC, the ALJ determined that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 27). Specifically, the VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as:

1) Mail Clerk, Dictionary of Occupational Titles No. 209.687-026, Light Exertional Level, SVP/Skill Level of 2, 119,000 jobs in the US, 7,700 jobs in FL (accommodates the sit/stand option);

2) Office Helper, Dictionary of Occupational Titles No. 239.567-010, Light Exertional Level, SVP/Skill Level of 2, 85,000 jobs in the US, 4,700 jobs in FL; and

3) Order Clerk/ Food & Beverage, Dictionary of Occupational Titles No. 209.567-014, Sedentary Exertional Level, SVP/Skill Level of 2, 211,000 jobs in the US, 9,700 jobs in FL.

(Tr. at 28).

The ALJ noted that, even when a hypothetical was posed to the VE "regarding additional restrictions such as stand and/or walk for two hours in an eight-hour workday, there were still a significant number of jobs in existence, as the sedentary jobs cited would remain." (Tr. at 28). Nonetheless, the ALJ stopped short of adding these limitations to Plaintiff's RFC. (Tr. at 28). Additionally, the ALJ noted that "the above-cited unskilled jobs range from sedentary to light and allow for any restrictive limitations that are alleged by the claimant." (Tr. at 28). Furthermore, the ALJ noted that the VE's "sit/stand opinion is based [on] his experience in placing individuals in jobs and knowing how these jobs are performed in the national economy." (Tr. at 28).

Based on the record, including the VE's testimony, and considering Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."

5

(Tr. at 28-29). The ALJ determined, therefore, that a finding of "not disabled" was appropriate. (Tr. at 29).

The ALJ ultimately concluded that Plaintiff was not under a disability from December 21, 2011, through the date of the decision. (Tr. at 29).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises three issues on appeal:

(1) The ALJ erred by failing to adequately consider Plaintiff's medically determinable impairment of extreme obesity and failed to properly evaluate the impact of that condition in assessing the Plaintiff's work capacity, in violation of [SSR] 02-1p, 96-8p.

(2) The ALJ committed harmful error in evaluating the opinion evidence because she improperly considered and gave weight to opinions from a non-medical "single decision maker" and a case review from non-acceptable medical source, in direct violation of established law and SSA Agency policy.

(3) The ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence because the ALJ misconstrued the evidence of record and did not articulate valid rationale for discrediting plaintiff in violation of 20 C.F.R. § 404.1529(c) and SSR 16-3p.

(Doc. 22 at 1-2). The Court addresses these issues below, beginning with whether the ALJ committed harmful error in evaluating the opinion evidence.

### A. The ALJ's Review of the Opinion Evidence

Plaintiff contends that the ALJ committed harmful error by improperly considering and giving weight to opinions from (1) a non-medical single decision maker ("SDM") and (2) a non-acceptable medical source. (Doc. 22 at 11).

First, Plaintiff argues that, under Agency policy, opinions from SDMs should not be considered at the hearing level. (*Id.* (citing Soc. Sec. Admin. ("SSA"), Program Operations Manual System ("POMS") § DI 24510.050(c))). Notwithstanding this policy, Plaintiff points out that the ALJ gave moderate weight to the "opinion" of Lanea Loza-Cooper, a person the ALJ mistakenly thought was a physician. (*Id.* at 12). Plaintiff argues that the ALJ's reliance on "the SDM in this case was integral in her finding that Plaintiff could return to a range of light work" and that "[t]he ALJ's reliance on the SDM opinion effectively deprived Claimant to her right of a *de novo* hearing, as the ALJ was not permitted to give any weight to the finding that the claimant

was found not disabled at the initial and/or reconsideration levels." (*Id.* (citing 20 C.F.R. § 404.929)). Thus, Plaintiff argues that "[t]he ALJ's decision to assign weight to Ms. Loza-Cooper's lay opinion was harmful error." (*Id.*).

Second, Plaintiff argues that the ALJ's review of a non-acceptable medical source also constitutes harmful error. (*Id.* at 12). Plaintiff points out that the ALJ gave "great weight" to the opinion of "Dr. Carolyn Stacker, M.D." (*Id.* (citing Tr. at 25)). Notwithstanding the weight given by the ALJ, Plaintiff argues that the ALJ erroneously believed Ms. Stacker was a medical doctor, as evidenced by the fact that she affixed "M.D." to her name. (*Id.* at 13 (citing Tr. at 25)). Plaintiff contends that because "Ms. Stacker is simply a non-medical employee of the state Agency, akin to a SDM . . . her opinion should not have been assigned evidentiary weight, as the 'case analysis' is clearly an adjudicatory document and not opinion evidence." (*Id.* 12-13 (citing Tr. at 289)). Plaintiff contends that "[t]he ALJ committed *per se* harmful error in evaluating Ms. Stacker's lay opinion, as she assigned it 'great weight.'" (*Id.* at 13). Plaintiff contends that "[t]he ALJ deprived Plaintiff of a *de novo* hearing by assigning evidentiary weight to prior adjudicatory decisions made by lay employees of the state Agency." (*Id.*).

In response, as to Ms. Loza-Cooper, the Government acknowledges that agency policy dictates that the opinion of a SDM should not be considered opinion evidence at the appeals level, including at an administrative hearing. (Doc. 23 at 10 (citing POMS § DI 24510.050(c))). Defendant argues, however, that "any error on the part of the ALJ in giving weight to Ms. Loza-Cooper's conclusions was harmless because . . . substantial evidence supports the same RFC finding." (*Id.* (citation omitted)).

As to Ms. Stacker, while acknowledging the record is not clear regarding whether Ms. Stacker is a medical doctor, Defendant argues that Ms. Stacker's opinion should be considered

an "other" source under agency regulations. (*Id.* at 11 (citing 20 C.F.R. §§ 404.1502, 404.1513(a), (d) (2016))).[3] Defendant states that "[w]hile evidence from other sources cannot establish the existence of a medically determinable impairment, an ALJ can use evidence from other sources to determine the severity of a claimant's impairments and how the claimant's impairments affects the claimant's ability to work." (*Id.* (citing 20 C.F.R. § 404.1513(d) (2016))). Moreover, Defendant contends that "Plaintiff has not shown how she was harmed by the ALJ's consideration of Ms. Stacker's opinion." (*Id.*). In fact, Defendant argues that the ALJ found Plaintiff's obesity to be a severe impairment, in part, based on Ms. Stacker's opinion. (*Id.* (citing Tr. at 25, 289)). Furthermore, Defendant argues that Ms. Stacker's opinion that "Plaintiff could perform light work is consistent with Drs. Desi's [sic] opinion that the ALJ also considered and assigned moderate weight." (*Id.* (citing Tr. at 16, 108-10)).

In reviewing these issues, agency regulations indicate that an "acceptable medical source" includes such professionals as licensed physicians and licensed psychologists. 20 C.F.R. § 404.1513(a) (2016); *see also* 20 C.F.R. § 404.1502(a) (2017). Under the regulations, only the opinions of acceptable medical sources may be given controlling weight. *See* 20 C.F.R. § 404.1527; *see also* SSR 06-03p, 2006 WL 2329939, at *2. Nevertheless, in addition to acceptable medical sources, an ALJ may also consider evidence from "other sources," including social welfare agency personnel. SSR 06-03p, 2006 WL 2329939, at *2. While "[i]nformation from these 'other sources' cannot establish the existence of a medically determinable impairment," the "information from such 'other sources' . . . may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.*

---

[3] The Court notes that these regulations were recently revised. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

9

Additionally, the Court notes that, in Florida, an SDM "is assigned to make the initial disability determination after 'appropriate consultation with a medical or psychological consultant.'" *Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 871 (11th Cir. 2012) (citing 20 C.F.R. § 404.906(b)(2)). Nevertheless, "the 'SDM' designation connotes no medical credentials." *Id.* (citing 20 C.F.R § 404.906(a), (b)(2)). Further, as noted by the parties, the Eleventh Circuit has noted that POMS "explicitly distinguishes RFC assessments produced by an SDM from those produced by a medical consultant, and states that 'SDM-completed forms are not opinion evidence at the appeals level.'" *Id.* (citing POMS § DI 24510.050). Moreover, an SDM, with no apparent medical credentials, cannot be an acceptable medical source. *See id.*

Nonetheless, while it is improper for an ALJ to consider the opinion of an SDM, the Eleventh Circuit has stated that an ALJ commits harmless error when her review of an SDM is confirmed by other objective medical evidence of record. *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 266 (11th Cir. 2009). Moreover, generally speaking, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877-78 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

In evaluating these issues, the Court finds that a review of the case law is instructive.

For instance, in *Siverio*, the Eleventh Circuit determined that substantial evidence did not support the ALJ's finding that the claimant had the RFC to perform medium work. 461 F. App'x at 871. In making this determination, the court noted that "[i]t is undisputed that the ALJ erroneously relied on the RFC assessment of Zuleika Martin as a medical opinion, even though Martin was a 'single decision maker' with no apparent medical credential." *Id.* The court noted that "[a]s an SDM with no apparent medical credential, Martin was not an acceptable medical

source." *Id.* at 872. Despite this fact, the ALJ mistakenly treated the SDM's opinion that the claimant "could perform medium work as the 'expert opinion' of a 'DDS physician [ ],' 'State Agency physician[ ],' and 'DDS medical consultant[ ].'" *Id.* The court concluded that this error was not harmless. *Id.* Specifically, in addition to believing that the SDM's RFC assessment had been authored by a physician, the ALJ compounded the error by giving the SDM's RFC assessment "significant weight." *See id.* Excluding the offending RFC assessment by the SDM, the court concluded that the remaining record evidence did not provide substantial evidence for the finding that the claimant was capable of performing medium work. *Id.* Moreover, because it appeared that the ALJ relied primarily on the SDM's RFC assessment in concluding that the claimant could perform medium work, the court found that substantial evidence did not support the ALJ's finding. *Id.* The Court, therefore, reversed and remanded the case for reconsideration of the claimant's RFC. *Id.*

In *Castel*, however, the Eleventh Circuit found that any error by the ALJ in relying on a SDM's report was harmless. 355 F. App'x at 266. There, the claimant argued that the ALJ's reliance on the SDM's report was an error. *Id.* While acknowledging that the ALJ reviewed the SDM's report, the court noted that the record did not reflect that the ALJ placed great weight on the SDM's report. *Id.* Instead, the court found that the ALJ relied on other medical evidence of record in making his decision and that the SDM's report "merely confirmed this objective medical evidence." *Id.* at 265-66. Thus, the court held that any error by the ALJ in relying on the report was harmless. *Id.*

Upon review of the present case, the Court notes that Ms. Loza-Copper's opinion – as an SDM without any apparent medical credentials – was not an acceptable medical source. *See Siverio*, 461 F. App'x at 871. Moreover, under agency policy, Ms. Loza-Cooper's opinion

11

should not have been considered by the ALJ at all at the administrative hearing. *See* POMS § DI 24510.050(c). Despite these agency regulations and policies, the ALJ nonetheless gave "moderate weight" to Ms. Loza-Copper's opinion, including her finding that Plaintiff was capable of light work. (Tr. at 25). Because the ALJ's review of Ms. Loza-Cooper's opinion violates agency regulations and policy, the Court finds that the ALJ erred by giving this opinion any weight, let alone the moderate weight she assigned. *See Siverio*, 461 F. App'x at 871.

Similarly, as to Ms. Stacker's opinion, the medical evidence of record fails to show that Ms. Stacker is a medical doctor. (*See* Tr. at 289). Because Ms. Stacker is not a medical doctor, she is not an acceptable medical source. *See* 20 C.F.R. § 404.1513(a) (2016); *see also* 20 C.F.R. § 404.1502(a) (2017). While an ALJ is required to consider "other sources" that are not acceptable medical sources, an ALJ may not give an "other source" controlling weight. *See* SSR 06-03p, 2006 WL 2329939, at *2. Here, however, the ALJ gave Ms. Stacker's opinion "great weight," including her finding that Plaintiff was capable of light work. (Tr. at 25-26). Moreover, a review of the ALJ's decision shows that the weight the ALJ assigned to Ms. Stacker's opinion was more weight than the ALJ gave to any other opinion regarding Plaintiff's physical limitations. (*See* Tr. at 25-26). Thus, it appears that the ALJ gave controlling weight to a non-acceptable medical source in violation of agency regulations. *See* SSR 06-03p, 2006 WL 2329939, at *2. Accordingly, the Court finds that the ALJ erred in her review of Ms. Stacker's opinion.

For her part, Defendant does not contest that the ALJ's review of Ms. Loza-Cooper's opinion was improper. (Doc. 23 at 10). Similarly, Defendant appears to concede that the ALJ erred in determining that Ms. Stacker was a medical doctor. (*See id.* at 11). Notwithstanding these concessions, Defendant's primary contention is that any error by the ALJ was harmless

because the record supports the same RFC finding. (*See id.* at 10-11). After an independent review of the record, however, the Court cannot conclude that ALJ's reliance on the opinions of Ms. Loza-Cooper and Ms. Stacker was harmless error because the Court cannot find that the remaining evidence of record supports the same RFC finding.

Specifically, the Court notes that "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). On this point, the ALJ noted Plaintiff's contention that she has trouble lifting more than 10 pounds at one time. (Tr. at 23 (citing Tr. at 196)). Nevertheless, the ALJ concluded that Plaintiff can perform light work. (*See* Tr. at 21). In making this decision, the ALJ cited the opinions of Ms. Loza-Cooper and Ms. Stacker, both of whom the ALJ mistakenly thought were medical doctors. (Tr. at 25-26 (citing Tr. at 100, 289)). Moreover, it appears the ALJ's consideration of these two opinions was integral to her RFC determination because both Ms. Loza-Cooper and Ms. Stacker opined that Plaintiff can perform light work. (*See id.*). Furthermore, even after excluding these two offending opinions, the Court cannot find that the remaining evidence of record provides substantial evidence in support of the ALJ's RFC determination.

Specifically, while the ALJ cited records from Dr. Allen C. Tafel, M.D., Plaintiff's treating physician, and Sharmishtha Desai, M.D., a medical consultant, these records do not adequately demonstrate that Plaintiff can perform light work. (*See* Tr. at 26).

For instance, a review of Dr. Tafel's records shows that Plaintiff repeatedly complained of pain when lifting. (Tr. at 232, 246, 249). Moreover, Dr. Tafel indicated that Plaintiff should not engage in heavy lifting. (Tr. at 254). Nonetheless, the ALJ did not cite, and there is no record that Dr. Tafel opined, that Plaintiff can lift any specific amount of weight. (*See* Tr. at

13

232-61). Under the circumstances, the Court cannot find that Dr. Tafel's opinion provides substantial evidence in support of the ALJ's finding that Plaintiff can perform light work.

Similarly, while Dr. Desai opined that Plaintiff can perform light work, Dr. Desai was not Plaintiff's treating physician. (*See* Tr. at 108-12). In light of the ALJ's decision to afford the opinions of non-acceptable medical sources significant weight, the Court cannot find that Dr. Desai's opinion, standing alone as a consulting physician without any specific treatment history of Plaintiff, provides substantial evidence in support of a finding that Plaintiff can only perform light work. *See* 20 C.F.R. § 404.1527(c)(ii) (noting that the weight given to medical opinions is based, in part, on the nature and extent of the treatment relationship).

Further, the present case appears to be more like *Siverio* than *Castel*. In *Siverio*, the ALJ assigned the SDM's opinion – *i.e.*, a non-acceptable medical source – significant weight. 461 F. App'x at 871. Unlike *Siverio*, the ALJ here only gave the SDM's opinion moderate weight. (Tr. at 26). Nevertheless, like *Siverio*, the ALJ improperly gave the opinion of a non-physician – *i.e.*, a non-acceptable medical source – great weight. (*See* Tr. at 25). Additionally, in *Siverio*, the court reversed and remanded because (1) the ALJ relied primarily, and improperly, on the opinion of a non-acceptable medical source in concluding that the claimant could perform medium work and (2) without the offending opinion, substantial evidence did not support such a finding. *See Siverio*, 461 F. App'x at 872. Here, like *Siverio*, it appears the ALJ relied primarily, and improperly on non-acceptable medical sources in concluding that Plaintiff can perform light work. (*See* Tr. at 25-26). Moreover, like *Siverio*, the Court cannot find that substantial evidence supports such a finding without the offending opinions. (*See id.*). Stated differently, if the Court removes the ALJ's consideration of Ms. Loza-Copper's and Ms. Stacker's opinions, the remaining medical evidence of record, including the opinions and records

14

from Dr. Tafel and Desai, does not provide substantial evidence in support of the ALJ's findings. Accordingly, like *Siverio*, the Court finds that this case must be reversed and remanded. *See Siverio*, 461 F. App'x at 872.

Further, the present case can be distinguished from *Castel*. In *Castel*, even though the ALJ's reliance on the SDM's report was an error, the record showed that (1) the ALJ did not place great weight on the report and (2) the ALJ relied on other substantial medical evidence of record in making his decision here such that the improperly considered opinions "merely confirmed this objective medical evidence." 355 F. App'x at 265-66. In the present action, however, while the ALJ did not place great weight on the SDM's report, the ALJ did place great weight on the opinion of a non-acceptable medical source. (Tr. at 25-26). Moreover, as indicated above, the Court cannot find that the other objective medical evidence of record, including the opinions and records of Dr. Tafel and Dr. Desai, provides substantial evidence in support of the ALJ's findings such that it "merely confirmed this objective medical evidence." *See Castel*, 355 F. App'x at 265-66. Thus, the Court cannot conclude that any error by the ALJ in relying on the opinions of Ms. Loza-Copper and Ms. Stacker was harmless. *See id.*

In sum, the ALJ's RFC determination, including her finding that Plaintiff is limited to light work, appears to have been heavily informed by the opinions of Ms. Loza-Copper and Ms. Stacker. The ALJ's reliance on these opinions was misplaced. *See Siverio*, 461 F. App'x at 872. Moreover, excluding these offending opinions, the remaining record does not provide substantial evidence in support of the ALJ's RFC finding that Plaintiff can perform light work. *See id.* Accordingly, the Court finds that the ALJ's decision is not supported by substantial evidence and, therefore, reverses and remands the decision of the Commissioner. *See id.* On remand, the

Commissioner is directed to review the entire medical evidence of record, including the weight given to the various medical opinions of record.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining arguments focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered the entire medical evidence of record. Specifically, the Court has found that, upon remand, the ALJ must re-evaluate the entire medical evidence of record, including the weight given to the various medical opinions. Because those opinions contain impairment evidence and because that evidence may impact the analysis of other elements of the ALJ's Decision, including a review of Plaintiff's obesity and credibility, the Court finds that any ruling on Plaintiff's remaining arguments would be premature at this time. Upon remand, the ALJ must reevaluate all of the medical evidence of record in evaluating Plaintiff's case.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence.

Accordingly, the Court hereby **ORDERS** that:

1) The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to re-evaluate the entire medical evidence of record, including the weight given to the various medical opinions.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on September 27, 2017.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties